IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-61096

HURRICANE ELECTRONICS, INC. d/b/a
HURRICANE AEROSPACE SOLUTIONS,

    Plaintiff,

v.

INDUSTRIAL CONDUCTOR PRODUCTS,
INC. and MICHAEL HAINES,

    Defendants.

## COMPLAINT

Plaintiff Hurricane Electronics, Inc. d/b/a Hurricane Aerospace Solutions ("Plaintiff") sues defendants Industrial Conductor Products, Inc. ("ICP") and Michael Haines ("Haines") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. ICP is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located at 10172 Florida Ln, Crown Point, IN 46307.

3. Haines is an individual who resides at 10172 Florida Ln, Crown Point, IN 46307.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. This Court has jurisdiction over Defendants as they contractually agreed to the jurisdiction over them in this Court and because they breached a contract requiring performance in this State.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b) because Defendants contractually agreed to the exclusive venue of the federal and state courts located in this county.

## BACKGROUND

7. Plaintiff supplies government agencies, military, and private entities with aviation, defense and maritime custom parts and components.

8. Generally stated, these agencies/entities solicit bids from contractors (such as Plaintiff) to build/assemble specified parts. Contractors (such as Plaintiff) must then assess their own internal costs (and the costs of any subcontractors) associated with the manufacture/assembly of such parts prior to submitting a bid. If selected to perform the required work, contractors are required to meet detailed specifications and time schedules as set forth by the particular agency and/or entity that solicited the bid.

9. Through high quality and timely completion of such contracts/bids, Plaintiff has developed a stellar reputation with its clients/customers. This reputation regularly leads to repeat business and high service marks from the agencies and entities that Plaintiff regularly services.

10. ICP is a vendor/subcontractor that Plaintiff utilized to fulfill one or more of these government and/or private contracts for the supply of aviation-related parts and equipment.

11. Haines is, upon information and belief, the sole shareholder of ICP.

12. On December 9, 2020, Defendants executed a Performance Guarantee (the "Agreement") in favor of Plaintiff in connection with the performance of one of the

aforementioned purchase orders for which Plaintiff had provided ICP with a $297,250.00 deposit. A true and correct copy of the Agreement is attached hereto as Exhibit "A."

13. The Agreement provides that, in the event of a failure by ICP to timely deliver the material specified by the aforementioned purchase order, Defendants "shall, on demand, indemnify and hold Company harmless from and against any and all losses and expenses, of whatsoever nature (including, without limitation, all lost profits, cost of money, legal fees, and expenses) in any way connected with such breach or default by the Contractor."

14. ICP failed to timely perform its obligations under the aforementioned purchase order and those obligations are now grossly overdue. To date, ICP has failed to deliver the material required by the purchase order.

15. After repeated demands for a return of Plaintiff's deposit, on March 30, 2021, ICP returned a total of $75,000.00 of the deposit with no indication as to Defendants' intentions as to the remaining $222,250.00 of Plaintiff's monies.

16. ICP's failure to timely deliver has caused substantial harm/damage to Plaintiff as Plaintiff's government contracts are being terminated/cancelled for failure to timely deliver.

17. ICP's failure to timely deliver has and will continue to cost Plaintiff hundreds of thousands of dollars in lost profits on these government and private contracts.

18. Despite repeated notice to Defendants of ICP's failure to comply with its obligations under the aforementioned purchase order, Defendants have failed to perform under the purchase order and have failed to offer any form of update as to returning the remainder of Plaintiff's monies.

19. All conditions precedent to the filing of this action have been performed, occurred, or been waived.

DESOUZA LAW, P.A.
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (954) 603-1340

## COUNT ONE:  BREACH OF CONTRACT

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19 as set forth above.

21. The Agreement is a valid, enforceable contract under Florida law.

22. Pursuant to the Agreement, Defendants guaranteed the full and timely performance of one or more purchase orders issued to ICP.

23. In the event that performance does not occur, the Agreement provides for personal liability against Defendants plus cost of money, loss of profits, and reasonable attorneys' fees.

24. Because ICP failed to timely perform the subject purchase order(s), Defendants are liable to Plaintiff as described above.

25. Defendants materially breached the terms of the Agreement by failing to return Plaintiff's $222,250.00 deposit and further failing to indemnify Plaintiff for its additional damages (such as lost profits, cost of money, etc.).

26. As a result of Defendants' breach of contract, Plaintiff has suffered substantial damages, the full amount of which will be established at trial of this matter.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, consequential damages, prejudgment interest, attorneys' fees, and such other relief as the Court deems just and proper.

Dated: May 24, 2021

DESOUZA LAW, P.A.
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone:  (954) 603-1340
DDesouza@desouzalaw.com

By: /s/ Daniel DeSouza, Esq.
    Daniel DeSouza, Esq.
    Florida Bar No.:  19291