UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61096-RAR

**HURRICANE ELECTRONICS**, **INC.**
d/b/a Hurricane Aerospace Solutions,

    Plaintiff,

v.

**INDUSTRIAL CONDUCTOR PRODUCTS**, **INC.**
and **MICHAEL HAINES**,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Summary Judgment [ECF No. 33] ("Motion"), filed on April 5, 2022. Plaintiff Hurricane Electronics asserts it is entitled to summary judgment on its single claim for breach of contract arising out of two purchase orders it allegedly placed with Defendants. Having considered the Motion, Defendants' Response [ECF No. 36], Defendants' Statement of Material Facts [ECF No. 37] ("DSOMF"), Plaintiff's Statement of Material Facts [ECF No. 33] ("PSOMF"),[1] the record, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion is **DENIED** as set forth herein.

## BACKGROUND

This case arises from Plaintiff's purchase of unspecified goods from Defendants, for an unspecified amount, in order to fulfill an unspecified third-party contract. The Court notes at the

---

[1] As explained in the Court's Order Denying Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment, [ECF No. 47], Plaintiff's Motion for Summary Judgment does not include a separately filed Statement of Undisputed Material Facts and, instead, merely includes these facts in the body of the filing. Per the Court's Order, the facts contained in Plaintiff's Motion for Summary Judgment will be treated as Plaintiff's Statement of Material Facts for the purposes of this Order.

outset the unusual nature of the preceding sentence. As far as the Court can discern, nowhere in the Complaint, Amended Answer, Motion for Summary Judgment, Response, or attachments thereto, do the parties explain what "materials" were purchased by Plaintiff from Defendants; the exact terms of the purchase; or any details surrounding the unspecified third-party contract for which Defendant seemingly served as a sub-contractor. This ambiguity is one of many reasons why summary judgment in favor of Plaintiff is inappropriate. The lack of factual development aside, there also exists a great number of material factual disputes among the few facts provided. Thus, the Court will attempt to convey the factual record to the extent the parties have provided one and highlight the facts which materially differ between the parties' respective Statements of Material Facts.

Plaintiff supplies government agencies, military, and private entities with aviation, defense, and maritime custom parts and components. PSOMF at ¶ 1. Defendant Industrial Conductor Products, Inc. ("ICP") is a vendor/subcontractor that Plaintiff utilized to fulfill government and/or private contracts for the supply of aviation-related parts and equipment. *Id*. at ¶ 3. Defendant Michael Haines is the sole shareholder of ICP. *Id*. at ¶ 4. Plaintiff claims that on or about November 27, 2020, Haines executed a Guarantee in favor of Plaintiff in connection with the performance of Purchase Order 5784 between Plaintiff and ICP. *Id*. at ¶ 5. Prior to signing the first Guarantee, Haines and Leandra Cain (Plaintiff's principal) discussed the need for a guarantee and the two agreed that Haines would sign a personal guarantee of ICP's obligations. *Id*. at ¶ 8.

On or about December 9, 2020, Plaintiff claims that Haines executed a second Guarantee (together with the first Guarantee, the "Guarantees") in favor of Plaintiff in connection with the performance of Purchase Order 5817 between Plaintiff and ICP. *Id*. at ¶ 9. Both Guarantees define "Guarantor" as "ICP"; they list the guarantor as the "Principal" of ICP; and they are signed by

Haines without reference to any corporate title. *Id*. at ¶ 10. The Guarantees were allegedly provided in connection with a $297,500.00 deposit that Plaintiff paid to ICP in connection with the aforementioned purchase orders. *Id*. at ¶ 11.

Plaintiff claims that the deposit was paid as two wire transfers from Plaintiff to ICP: (a) $188,500.00 was paid on November 23, 2022 and (b) $108,750.00 was paid on November 30, 2020. *Id*. at ¶ 12. The Guarantees provide that, in the event of a failure by ICP to timely deliver the material specified by the aforementioned purchase orders, the Guarantor "shall, on demand, indemnify and hold Company harmless from and against any and all losses and expenses, of whatsoever nature (including, without limitation, all lost profits, cost of money, legal fees, and expenses) in any way connected with such breach or default by the Contractor." *Id*. at ¶ 13.

According to Plaintiff, ICP failed to timely perform its obligations under the purchase orders. *Id*. at ¶ 14. After asking for a return of Plaintiff's deposit, on March 30, 2021, ICP returned a total of $75,000.00. *Id*. at ¶ 15. As a result, Plaintiff claims that a total of $222,500.00 remains due and owing to Plaintiff—the full amount of which has been guaranteed by Defendants. *Id*. at ¶ 16. Defendants go on to paint a much different version of the events in question. They claim that Plaintiff's deposit on Purchase Order 5784 was $108,750.00—not $297,500.00. DSOMF at ¶ 11, 12. Defendants also claim that Plaintiff has wrongfully received and retained $84,150 in gloves sold to it by ICP by not returning the gloves or furnishing payments. *Id*. at ¶ 9. Thus, by Defendants' logic, Defendants are actually owed $50,400.00 by Plaintiff in connection with Purchase Order 5817. *Id*. at ¶ 11.

Defendant further maintains that the deposit of $188,500.00 that Plaintiff contends was paid in connection with Purchase Order 5817 was provided for an entirely *different* purchase order, Purchase Order 5774. *Id*. at ¶ 1. Additionally, Defendant not only states that the deposit for

Purchase Order 5817 was $253,750.00 but also claims that Plaintiff never paid the deposit that was required upon execution of the Performance Guarantee for Purchase Order 5817. *Id*. at ¶ 3, 4. Defendants also claim they simply never signed a guarantee in connection with Purchase Order 5774, for which the deposit was paid. *Id*. at ¶ 5.

In addition to the drastically different facts surrounding the purchase orders and the disputed amounts, the parties dispute whether the purchase orders were guaranteed by ICP or Haines personally. While the Guarantees expressly identify "ICP" as the "Guarantor", Plaintiff claims this is a scrivener's error, PSOMF at ¶ 6, while Defendants claim they were informed by Plaintiff that Haines was signing the Performance Guarantees on behalf of ICP and not on behalf of himself personally. DSOMF at ¶ 13. Further, and in direct conflict with Defendants' account, Plaintiff claims that the two parties agreed that Haines would sign a personal guarantee of ICP's obligations. PSOMF at ¶ 8.

## **LEGAL STANDARD**

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable factfinder to find for the non-moving party. *See id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). At summary judgment, the moving party bears the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

If there are any factual issues, summary judgment must be denied, and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 12-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013). Furthermore, when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts[,]" summary judgment "may be inappropriate." *Id.* (citation omitted).

## ANALYSIS

It is difficult to picture a case more rife with material factual disputes than the one at bar. Not only do the parties disagree as to the amounts at issue—they also each reference multiple transactions that both sides dispute even took place. Defendants claim Plaintiff's cited purchase orders do not match the deposits Plaintiff claims to have paid and some of the deposits in question were paid for entirely different purchase orders. Even more concerning, Defendants allege that significant portions of the disputed deposits were never paid by Plaintiff and that no Guarantee was signed for one of the purchase orders at issue. Further, Plaintiff chose not to file a reply in support of their Motion for Summary Judgment, thereby leaving the completely different version of events in Defendants' response unaddressed.

Given the haphazard factual record set forth in the parties' pleadings, the Court is simply unable to discern which purchase orders correspond to which deposit amounts, and it is unclear whether some of the alleged deposits were even made in the first place. The parties do not provide the underlying contracts, purchase orders, correspondence, agreements, delivery receipts, deposit records, or any records at all. Thus, Plaintiff has not met its "initial burden to show, *by reference to materials on file*, that there are no genuine issues of material fact to be determined at trial." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000) (emphasis added). Indeed, the sole evidence that either side points to in their pleadings are declarations by their respective principals.

These dueling declarations, without the addition of any documentary evidence whatsoever, results in a situation "[w]here [the] fact-finder is required to weigh a deponent's credibility" and, therefore, "summary judgment is simply improper." *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1162 (11th Cir. 2012); *see also Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1016 (11th Cir. 1987) ("[s]ummary judgment is justified only for those cases devoid of any need for factual determinations.").[2]

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 33] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 6th day of July, 2022.

                      **RODOLFO A. RUIZ II**
                      **UNITED STATES DISTRICT JUDGE**

---

[2] It must also be noted that Plaintiff's Motion for Summary Judgment addresses only two of Defendants' seven affirmative defenses. In order for summary judgment to be granted on the affirmative defenses, "Plaintiff has the burden of showing that Defendant[s] cannot maintain these defenses by a preponderance of the evidence." *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2018 WL 5098972, at *2 (S.D. Fla. Aug. 14, 2018), report and recommendation adopted sub nom. *Lebron v. Royal Carribean Cruises Ltd.*, No. 16-24687-CIV, 2018 WL 5098870 (S.D. Fla. Aug. 28, 2018). Plaintiff fails to rebut Defendants' affirmative defenses related to *force majeure*; time of delivery being a material contract term; laches; and unclean hands. Notably, the parties' failure to include any of the underlying purchase order contracts in their pleadings makes it impossible for Plaintiff to rebut these defenses (or for the Court to even ascertain their validity). Thus, the Motion must be denied on these grounds as well.